UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:19-CV-14480-ROSENBERG/REID

MICHAEL KEITH MILES,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

**ORDER ADOPTING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION**

This matter is before the Court upon Michael Keith Miles's Motion for Stay and Abeyance. DE 18. This matter was previously referred to Magistrate Judge Lisette M. Reid pursuant to Administrative Order 2019-2 of the United States District Court for the Southern District of Florida. Judge Reid issued a Report on February 18, 2020. DE 25. Petitioner filed Objections on March 10, 2020. DE 28. The Court has conducted a *de novo* review of the Report, the objections, and the record, and is otherwise fully advised in the premises.

A habeas petition pursuant to section 2254 may not be granted unless the petitioner exhausts the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). To properly exhaust a claim, a petitioner must present the state court with the "particular legal basis for relief in addition to the facts supporting it." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1350 (11th Cir. 2004).

Here, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, raising three claims:

    1. Ground One: The trial court's failure to hold a competency hearing violated

> Petitioner's rights to due process and the Fourteenth Amendment;

2. Ground Two: Trial counsel's failure to seek a mental evaluation of Petitioner pursuant to Rule 3.210(b) of the Florida Rules of Criminal Procedure deprived Petitioner of effective assistance of counsel;[1]

3. Ground Three: Trial counsel's failure to explore and present an insanity defense deprived Petitioner of effective assistance of counsel and due process of law.

DE 1. The State acknowledges that Grounds Two and Three were exhausted but argues that Ground One was not. *See* DE 12 at 7–9. Although Petitioner argued in his direct appeal that the trial court should have held a competency hearing, he couched his argument in terms of state law. *See* DE 13-1 at 68 ("§ 3.210(b) Fla. R. Crim. P. required the judge to hold a competency hearing . . . ."). Although the phrase "due process" appears in the brief, it is used as a descriptor of the Florida rule at issue, not as an assertion that the Fourteenth Amendment independently compelled a competency hearing. *Id.* ("The rule's mandatory language obligated the judge to observe the specific competency hearing requirements to safeguard Miles' due process fair trial right . . . ."). The Court agrees that the state court was not presented with this particular legal basis for relief, and therefore Ground One was not exhausted.

In response to the State's argument that Ground One was not exhausted, Petitioner filed a motion to stay his Petition to permit him to return to state court and exhaust this claim. DE 18. When a petition is "mixed"—that is, it contains a mix of exhausted and unexhausted claims—a district court may stay the petition "in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay is appropriate only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the

---

[1] The heading of Ground Two in the Petition references the failure to present an insanity defense and is substantially identical to the heading of Ground Three. However, the substance of Ground Two is based on Fla. R. Crim. P. 3.210(b). DE 1 at 13. The Court construes Ground Two as such, as did the State in its response to the Court's Order to Show Cause. DE 12 at 8.

petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Here, Petitioner has not demonstrated good cause for his failure to exhaust, stating only that he "did not realize that under standing precedent, Petitioner is required to exhaust his federal constitutional violation claim in state court first." DE 18 at 1. The Court recognizes that habeas law is complex. However, mere ignorance of the need to exhaust each claim, without more, does not excuse noncompliance with the Supreme Court's "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rhines*, 544 U.S. at 277 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). Because Petitioner has not demonstrated good cause, the Court denies Petitioner's Motion.

When a stay is not appropriate, the ordinary procedure is to "dismiss the petition, leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007) (citation and internal quotation marks omitted). However, if "it is obvious that the unexhausted claims would be procedurally barred in state court," the court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." *Id.* (quoting *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004)).

Ground One would be procedurally barred in state court because it was not raised on direct appeal. Under Florida law, claims of trial court error are procedurally barred if they "were raised or should have been raised on direct appeal." *Koon v. Dugger*, 619 So. 2d 246, 247 (Fla. 1993); *see* Ponton v. State, 971 So. 3d 813, 814 (Fla. Dist. Ct. App. 2007) ("[C]laims of judicial error could have and should have been raised on direct appeal and are therefore procedurally barred."). Petitioner has not offered any explanation as to why Ground One could not have been

raised on direct appeal, arguing only that his appellate counsel was ineffective for failing to do so. In fact, Petitioner seeks to return to state court not only to exhaust Ground One, but also to exhaust a distinct claim of ineffective assistance of appellate counsel for failure to raise Ground One on direct appeal.

Ineffective assistance of appellate counsel is not currently a claim in the Petition, so the Court construes Petitioner's request as one to both return to state court to exhaust this claim and amend his Petition. Unlike Ground One, it is not apparent that this claim would be procedurally barred in state court. *See Downs v. State*, 740 So. 2d 506, 509 n.5 (Fla. 1999) ("Claims for ineffective assistance of appellate counsel are not cognizable in a rule 3.850 motion for postconviction relief and are more appropriately raised in [state] petitions for habeas corpus."); *see also* Fla. R. App. P. 9.141(d)(5) (providing for petitions alleging ineffective assistance of appellate counsel and requiring such petitions to be filed within two years of judgment becoming final on direct review). Because Petitioner expresses a desire to raise this unexhausted claim which would not obviously be subject to a procedural bar in state court, it is appropriate to dismiss the Petition without prejudice, affording Petitioner a choice as to how he proceeds.

**Option A:** Petitioner may file an amended Petition which deletes Ground One, leaving only Grounds Two and Three in the Petition. If Petitioner chooses this option, the amended Petition must be postmarked **by May 1, 2020**. This would lead to a quicker ruling on Petitioner's claims in Grounds Two and Three and would ensure that Petitioner is not barred by the one-year statute of limitations.

**Option B:** Petitioner may return to state court to exhaust any unexhausted claims he may have. Under this option, the Court would close this case, and Petitioner would be able to file a new federal petition after exhausting any additional claims in state court, including ineffective

assistance of appellate counsel.  The Court cautions Petitioner that although he is not precluded from attempting to exhaust Ground One in state court, the state court may find that it is procedurally barred for the reason described above.  The Court also cautions Petitioner that he would have to act quickly if he chooses this option, because the one-year statute of limitations runs any time there is not a pending, "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(f).  This means that if Petitioner is too slow in seeking further review in state court, or too slow in filing a new federal petition after the conclusion of state-court review, there is a risk that his amended petition would be time-barred.

The Court adopts the Magistrate's recommendation that the Motion be denied, but the Court does not adopt the analysis of the Report and does not express any view on the merit of Petitioner's unexhausted claim(s).  The denial of the Motion is based on the reasons set forth in this Order.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Reid's Report and Recommendation [DE 25] is hereby **ADOPTED IN PART**.

2. Petitioner's Motion for Stay and Abeyance [DE 18] is **DENIED**.

3. Petition for Writ of Habeas Corpus [DE 1] is **DISMISSED WITHOUT PREJUDICE**.

4. If Petitioner wishes to proceed solely under Grounds Two and Three (as described in Option A above), Petitioner shall file an amended Petition which deletes Ground One, postmarked by **May 1, 2020**. If an amended Petition is not postmarked by such date, the Court will **close this case without further notice**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of April, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record